# EXHIBIT A

Case 4:21-cv-01762   Document 1-1   Filed on 05/28/21 in TXSD   Page 2 of 9

Harris County - County Civil Court at Law No. 1

3/30/2021 10:09 PM
Teneshia Hudspeth
County Clerk
Harris County
Jury Fee Paid

CAUSE NO. **1166859**

| | | |
|---|---|---|
| PAULA DARBY | § | IN THE COUNTY CIVIL COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | AT LAW NO. _____ |
| | § | |
| KROGER TEXAS, L.P. | § | |
| | § | |
| Defendant | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, PAULA DARBY, Plaintiff in the above-styled and numbered cause, appearing by and through the assistance of the undersigned counsel of record, complaining of and about KROGER TEXAS, L.P, and for cause of action respectfully shows the Honorable Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1.1. Plaintiff respectfully requests that the Court enter a Docket Control Order so that discovery can be conducted under Level III.

## II.
## PARTIES

2.1. Plaintiff Paula Darby (hereinafter "Plaintiff") is a resident of Harris County, Texas.

2.2. Plaintiff Kroger Texas, L.P. (hereinafter "Defendant" and/or "Kroger") is a foreign limited partnership organized and existing under the laws of the State of Ohio with its principal place of business in Cincinnati, Ohio. Although Kroger Texas, L.P. is a foreign entity, it is registered to conduct business with the Texas Secretary of State and has appointed a resident agent for service of process. Plaintiff respectfully requests that the County Clerk prepare a civil citation addressed

to Corporation Service Company, Kroger Texas, L.P.'s registered agent for service of process, at 211 E. Seventh Street, Suite 620, Austin, Texas 78701. Since Plaintiff desires to effectuate service via a private process server, Plaintiff respectfully requests that the County Clerk mail the completed citation to her counsel of record: Kenneth R. Baird, The Baird Law Firm, 2323 South Voss Road, Suite 325, Houston, Texas 77057.

### III.
### RULE 47 INFORMATION

3.1. Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief of more than $100,000 but less than $200,000. As a result, this matter does qualify for expedited treatment under Rule 169 of the Texas Rules of Civil Procedure.

### IV.
### PERSONAL JURISDICTION

4.1. Although Kroger is a foreign entity, it regularly conducts business for profit in the State of Texas through numerous grocery stores throughout the state. As a result, Kroger has created a continuous and systematic set of contacts with the State of Texas which properly subjects it to general jurisdiction in the County Courts of Harris County. Kroger has additionally registered with the Texas Secretary of State as a foreign entity conducting business in Texas and has appointed a resident agent for service of process.

4.2. In the unlikely event that any additional facts are necessary for the Court to exercise personal jurisdiction, Kroger has committed one or more torts in Harris County.

### V.
### SUBJECT MATTER JURISDICTION

5.1. The Court has subject matter jurisdiction over Plaintiff's claims since the amount in controversy exceeds the minimal jurisdictional limits of the Court.

## VI.
## VENUE

6.1. Venue is appropriate in Harris County under Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code as all or a part of the events or omissions giving rise to Plaintiff's claims occurred in Harris County.

## VII.
## FACTS WHICH ENGENDERED THE PRESENT LITIGATION

7.1. On or about September 3, 2020, Plaintiff was shopping at a Kroger store in Harris County. While Plaintiff was shopping, a female employee crashed into the back of Plaintiff while pushing a cart containing canned goods. Plaintiff was struck in the back and pushed forward into her shopping cart. Plaintiff suffered severe and debilitating injuries to her left arm, left shoulder, back, neck, and body generally due to the negligent activity of Kroger and/or premises liability.

## VIII.
## NEGLIGENT ACTIVITY

8.1. Plaintiff was injured as a result of Defendant's negligent activity which was ongoing at the time Plaintiff was injured.

8.2. Kroger and its employees owed a duty to Plaintiff to exercise reasonable care so as to promote a safe shopping environment for Plaintiff.

8.3. Kroger breached the duty of reasonable care owed to Plaintiff by:

    (a)    Having an employee who pushed a cart through the store with complete disregard for the presence of shoppers such as Plaintiff;

    (b)    Having an employee who pushed a cart through the store without keeping a proper look out;

    (c)    Having an employee who pushed a cart through the store without paying attention to her surroundings;

(d) Having an employee who pushed a cart through the store in negligent manner falling short of a reasonable standard of care;

(e) Generally discharging its responsibilities as the owner, operator, manager, controller, and maintainer of the store in a random, haphazard, and careless manner; and/or

(f) Committing other negligent acts or omissions to be established at the time of trial.

8.4. Plaintiff suffered physical injuries and monetary damages which were proximately caused by Kroger's negligent activity.

8.5. At all relevant times, the female employee who struck Plaintiff with the cart was acting in furtherance of Kroger's business activities and was in the course and scope of her employment. Kroger is vicariously liable for the consequences of her negligent activity under the tort doctrine of respondeat superior.

8.6. Plaintiff has incurred the monetary damages specified in Paragraph X of this Original Petition as the proximate result of Kroger's negligent activity.

## IX.
## PREMISES LIABILITY

9.1. Pleading in the alternative to Paragraph VIII of this Original Petition, Plaintiff was injured to an unreasonably dangerous condition which Kroger allowed to exist in the store.

9.1. At all relevant times, Plaintiff was a customer at the store in question and was on the premises at the invitation of Kroger. As a business patron, Plaintiff is classified as an invitee for purposes of premises liability jurisprudence and was owed a full duty of reasonable care by Kroger.

9.3. At all relevant times, Kroger had control over the premises in question as it owned, operated, managed, controlled, and and/or maintained the store in question.

4

9.3. Kroger had actual or constructive knowledge of the fact that an employee was pushing a cart through the store in a negligent and unsafe manner.

9.4. The employee's negligent and unsafe operation of the cart posed an unreasonable risk of harm to Plaintiff and other similarly situated shoppers.

9.5. Kroger failed to exercise a reasonable degree of care in order to either reduce or eliminate the unreasonable risk of harm created by the employee's negligent and dangerous operation of the cart.

9.6. Kroger's failure to use reasonable care in reducing or eliminating the risk of harm caused by the employee's negligent and dangerous operation of the car proximately caused Plaintiff to suffer physical injuries and monetary damages.

9.7. Plaintiff has incurred the monetary damages specified in Paragraph X of this Original Petition as the proximate result of Defendant Kroger's failure to use reasonable care in reducing or eliminating the risk of harm caused by its employee's negligent and dangerous operation of the cart.

## X.
## DAMAGES

10.1. Plaintiff restates and incorporates herein Paragraphs I through IX of this Original Petition.

10.2. Plaintiff has suffered severe physical and mental injuries as a result of Kroger's premises liability and/or negligent activity, including debilitating injuries to her left arm, left shoulder, back, neck, and body generally

10.3. Plaintiff seeks recovery of the following monetary damages:

    (a) Past medical expenses;

    (b) Reasonably anticipated future medical expenses;

    (c) Past pain and suffering;

    (d)    Future pain and suffering;

    (e)    Past physical disfigurement;

    (f)    Future physical disfigurement;

    (g)    Past mental anguish;

    (h)    Future mental anguish;

    (i)    Past lost wages and/or loss of earning capacity;

    (j)    Diminished future earning capacity;

    (k)    Past physical impairment;

    (l)    Future physical impairment;

    (m)    Loss of enjoyment of life; and

    (n)    Other monetary damages proximately caused by Kroger's tortious conduct to be determined by the trier of fact.

10.4.    Plaintiff additionally seeks pre-judgment and post-judgment interest at the maximum rates allowed by law.

10.5.    Plaintiff seeks any additional damages, whether at law or in equity, which are recoverable under Texas tort law and to which she may prove herself to be justly entitled.

## XI.
## CONDITIONS PRECEDENT

11.1.    All applicable conditions precedent have been satisfied.

## XII.
## SELF-AUTHENTICATON OF DOCUMENTS
## UNDER RULE 193.7

12.1.    Plaintiff hereby notifies Kroger of her intent to use all documents exchanged and produced between the parties during the pendency of the litigation, including but not limited to correspondence, discovery responses, and deposition exhibits during any pre-trial proceeding at

the trial of this matter and/or any pre-trial evidentiary hearing. Such documents shall be deemed self-authenticated under Rule 193.7 of the Texas Rules of Procedure unless the producing party makes a timely written objection which meets the requirements for such an objection under Rule 193.7.

## XIII.
## REQUESTS FOR DISCLOSURE

13.1. Plaintiff hereby requests that Kroger disclose, within fifty days from service of the citation and Original Petition, the information or material set forth in Rule 194.2(a) through (l).

## XIV.
## JURY DEMAND

14.1. Plaintiff hereby demands a trial by jury as to all claims asserted against Kroger. All applicable fees are being paid by Plaintiff contemporaneously with the filing of this Original Petition.

## XV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Paula Darby respectfully prays that Defendant Kroger Texas, L.P. be cited to appear and answer herein and that upon final hearing of the cause, judgment be entered in her favor against Defendant Kroger Texas, L.P. for damages in an amount within the jurisdictional limits of the Court. Plaintiff Paula Darby further prays for such additional relief, at either law or equity, to which she may prove herself to be justly entitled.

Respectfully Submitted,

THE BAIRD LAW FIRM

/s/ Kenneth R. Baird, Esq._____
Kenneth R. Baird
Texas Bar No. 24036172
2323 South Voss Road, Suite 325

Houston, Texas 77057
(713) 783-1113
(281) 677-4227 (facsimile)
kbaird@bairdlawfirm.net
COUNSEL FOR PLAINTIFF PAULA DARBY